## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO.** |
| ) | **95-10397-JLT** |
| ) | |
| **JOHNNY STEPHENS** ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION
### April 29, 2010

**HILLMAN, M.J.**

### Nature of the Proceeding

By Order of Reference dated February 2, 2009, Defendant Johnny Stephens' Motion

Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 618), has been

referred to me for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

### Nature of the Case

Johnny Stephens  has filed a motion under 28 U.S.C. §2255 (Docket No. 618)("Petition")

in which he asserts his guilty plea should be vacated and he should be granted a new trial

because: his Sixth Amendment right to a public trial was violated during jury selection when the

trial judge "cleared" the courtroom of spectators to accommodate a large venire, and he received

ineffective assistance of counsel as the result of his lawyer's failure to object to the public being barred from jury selection.  The Government seeks to dismiss the Petition as time barred under § 2255.  In the alternative, the Government argues that Stephens' claim fails on its merits.

### Facts

Stephens and numerous co-defendants, including Dwayne Owens, were charged in a multi-count indictment alleging various violations of federal law.  *See United States v. Owens*, 167 F.3d 739, 743 (1st Cir. 1999)("*Owens I*").  The charges against Stephens included: RICO charges (Counts 1 & 2); conspiracy to commit murder (Count 8); murder (Count 9); interstate travel in aid of racketeering (Count 10); conspiracy to possess and distribute cocaine (Count 12); use and carrying of a firearm in relation to a crime of violence (Count 16); being a felon in possession of a firearm (Count 10); and being a felon in possession of ammunition (Count 20).

Stephens and Owens elected to go to trial and jury selection began on February 10, 1997. *See Owens v. United States*, 236 F. Supp.2d 122, 127 (D. Mass 2002) ("*Owens II*"); *Aff. Of Johnny Stephens* ("*Stephens' Aff.*"), attached to *Def. Johnny Stephens' Mot. Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence* (Docket No. 618), at ¶2.  Approximately seventy two prospective jurors had been called by the Court.  *Owens II*, 236 F.Supp.2d at 131. Given the courtroom's limited seating capacity, the trial judge informed an assistant U.S. Marshal that all seats would be needed for prospective jurors.[1]  *Id.*  Spectators were apparently

---

[1]   The following dialogue took place regarding the issue:

THE COURT:  I think then it makes sense for me to recess so you can stand easy.  We're going to get 72 jurors here.  That will mean we'll have a number of jurors.

Now, let me ask the marshals.  It looks like we're going to need all the rows except for this first row [where the defendants were seated].  Is that going to be sufficient for you?

THE MARSHAL:  I think so, your Honor.  I just spoke to Bonnie [the courtroom deputy] about it and I was

then asked to step outside, without objection from any party. *Id.* Although a number of potential jurors were subsequently excused, the public continued to be denied access to the proceeding. *See United States v. Owens*, 517 F.Supp.2d 570, 573 (D.Mass 2007) ("*Owens IV*"). Specifically, Owens' mother and uncle were denied entry. *Id.* Stephens asserts that he had family members present in the Courtroom that day who were removed to make room for the venire. *Stephens' Aff.*, at ¶5.[2]

After the petit jury was selected and court had ended for the day, Stephens conferred with his lawyer; his lawyer did not tell him that there were any irregularities in the selecting of the jury or that the judge had been wrong to close the courtroom to spectators. *Id.*, at ¶7. His lawyer told him that the Government had offered him deal whereby the Government would recommend that he get ten years if he pled guilty. *Id.*, at ¶8. Stephens was told that he needed to decide before the trial re-commenced the next day and "*[he] was also informed that [he] could not see [his] family, specifically [his] wife, due to the court closing the courtroom.*" *Id.,* at ¶8 (emphasis added). Stephens had been made aware that the Government was considering bringing charges against his wife, but would not do so if he changed his plea. *Id.*, at ¶9. Because the courtroom had been closed, he could not consult with his wife or discuss any aspect of his case with her

---

going, I'll have the officers and myself and the other fellows with me stand off to the right, make sure all the jurors get seated and have whatever spectators leave until there's a sufficient amount of room.

THE COURT: We'll need every seat with 72 people.

*Owens II*, 236 F. Supp.2d at 131.

[2] Stephens does not specify which members of his family were prevented from entering the courtroom during the jury selection process, nor has he submitted any sworn affidavits from any such family members. Nonetheless, for purposes of this Report and Recommendation, I will assume that members of his family were removed from the courtroom and/or barred from entering the courtroom during the jury selection process.

prior to deciding to change his plea. *Id.* Had he known or had his lawyer told him that the judge had wrongfully closed the courtroom during jury selection, he would not have pled guilty, but instead would have proceeded to trial. *Id.*, at ¶10.

The next day, Stephens pled guilty to conspiracy to commit murder and being a felon in possession of ammunition, and the remaining counts were dismissed by the Government.  On May 9, 1997, he was sentenced to 120 months in federal prison, to run consecutive to the Massachusetts state sentence he was then serving, followed by thirty six months of supervised release.   The judgment was entered on May 30, 1997. Stephens did not file a direct appeal of his conviction.  He filed this Petition on October 3, 2008. At the time Stephens filed his Petition, he had yet to begin his federal sentence.[3]

Owens was tried and convicted of murder, conspiracy to commit murder, violations of RICO, RICO conspiracy, interstate travel in aid of RICO, conspiracy to possess and distribute cocaine, using and carrying a firearm during a crime of violence, being a fugitive from justice in possession of a firearm, and money laundering.  *Owens I*, 167 F.3d at 743.  The First Circuit affirmed his conviction on direct appeal.   On January 12, 2001, Owens filed a petition under Section 2255; among the grounds on which he sought relief was that the court had erred by closing the courtroom to the public during jury selection.  *See Owens II*, 236 F. Supp. 2d at 150.[4]

---

[3]  The fact that Stephens had yet to begin serving his federal sentence does not deprive this Court of jurisdiction to entertain his Petition. *See Desmond v. U.S. Bd. Of Parole*, 397 F.2d 386 (1ˢᵗ Cir. 1968)(defendant currently serving state court sentence may file Section 2255 seeking to vacate consecutive federal sentence which he has yet to begin serving).

[4]  There was an issue as to whether Owens had filed his petition within Section 2255's one year statute of limitations.  Owens' conviction became final on October 4, 1999, the date the Supreme Court denied certiorari. Owens filed his Section 2255 petition on January 12, 2001, beyond the limitations period.  However, the district court had issued an Order excluding the time between April 18, 2000 and August 28, 2000 from statute of limitations period during which Owens could file his Section 2255 petition.  Consequently, the court determined that Owens'

The District Court denied relief after finding that this claim was procedurally defaulted and that Owens had failed to show cause to excuse such default. *Id.,* at 133-34. On appeal, the First Circuit held that: closure of the courtroom during jury selection without meeting established criteria would violate a defendant's right to a public trial; counsel's failure to object to such closure may constitute ineffective assistance of counsel; and that improper closure of the courtroom to the public would constitute a structural defect[5] and therefore, prejudice would be presumed. *United States v. Owens*, 483 F.3d 48, 61-66 (1st Cir. 2007)("*Owens III*"). The First Circuit remanded the case to the District Court to hold an evidentiary hearing in order to determine the nature and extent of the trial closure and, in light of the findings made in connection therewith, whether relief was appropriate. *Id.*, at 64-65.

On remand, after holding an evidentiary hearing, the District Court (Gertner, D.J.) found that spectators had, in fact, been barred from the courtroom during the seating of the jury and therefore, Owens' Sixth Amendment right to a public trial was violated. *Owens IV*, 517 F.Supp.2d at 574-75. The court then found that the failure of Owens' lawyers to object to the closing constituted ineffective assistance of counsel, which constituted cause for purposes of excusing the procedural default. Because the error was structural, the court found that prejudice would be presumed and that Owens' conviction should be vacated. *Id.*, at 577.[6]

---

Section 2255 petition was timely either (i) because the court had the authority to exclude the time from the statute of limitations calculation, or (ii) equitable tolling applied because Owens had been induced by the court to allow the filing deadline to pass. *Owens II*, 236 F.Supp.2d at 128-129.

[5] A structural error is error is one that undermines the integrity of the trial; such an error is not subject to harmless error analysis

[6] A new trial was ordered, however, Owens died before he could be retried.

**Discussion**

*Whether The Petition Is Barred As untimely Under Section 2255*

The Government asserts that the Petition, which was filed on October 3, 2008, must be dismissed as time barred.  Stephens argues that given that: (i) the First Circuit's decision in *Owens III* did not issue until April 12, 2007; (ii) on remand, an evidentiary hearing was held on August 31, 2007; *(iii) Owens IV,* in which the court determined that the courtroom had been closed during the jury selection process in violation of Owens' Sixth Amendment right to a public trial, issued on October 9, 2007; (iv)  CJA counsel was not appointed on his behalf until March 2008[7]; and (iv) he was serving a state court sentence at the time,  he acted as expeditiously as possible in moving to withdraw his guilty plea.

Section 2255 imposes a strict one-year period of limitations on a federal prisoner's right to file a motion to vacate, set aside or correct an illegal sentence.  The one-year period runs from the latest of four alternative dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

---

[7]  In his memorandum, Stephens inadvertently states that counsel was appointed on March 5, 2007.

Stephens did not appeal his conviction, which became final ten days after the judgment was entered.  *See Gutierrez-Sanchez v. United States*, Crim. No. 02-10335-NG, 2008 WL 2704824 (D.Mass. July 9, 2008)[8].   Accordingly, he was required to file his Petition on or before June 10, 1998, unless any of the other provisions of §2255 apply.

Stephens has justifiably not argued that Subsection (2) or (3) applies and his attempt to fit within § 2255(4) is unavailing.  According to his own affidavit, he could not discuss his decision to plead guilty with his family prior to doing so because,  *"[he] was ... informed that [he] could not see [his] family, specifically [his] wife, due to the court closing the courtroom"*.  Stephens' *Aff.,* at ¶8 (emphasis added).[9]  Therefore, he was aware of the factual basis of his claim in 1997, at the time of his plea.  He was also aware at that time his lawyer had not objected to the courtroom having been closed.  That he may not have understood until much later the legal significance of such "facts", *i.e,.* that his family had been barred from the courtroom and at that his lawyer did not object, is irrelevant for purposes of §2255(4).  *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n. 4 (1st Cir. 2008)(discovery of legal theory does not constitute discoverable "fact" for purposes of Section 2255(4))*; see also United States v. Pollard*, 416 F.3d 48, 54-55 (D.C. Cir. 2005)(what lawyer did or did not do during representation of defendant is "fact" for purposes of Section 2255(4), however, whether lawyer should have performed tasks, such as request a hearing, argue that Government breached plea agreement or file notice of appeal, drives *legal* inquiry into existence of ineffective assistance of counsel claim and does not

---

[8]  Recent amendments to Fed.R.App. P. 4(b)(1)(A) have extended the time for seeking an appeal to fourteen days.

[9]  Even if this admission had not been included in Stephens' affidavit, it is difficult to discern how, in the exercise of due diligence, he should not have learned the *factual* basis of his claim years earlier, *i.e.,* that his family was removed and/or denied entry into the courtroom during the jury selection process.

constitute "facts" for purposes of § 2255(4)).  In any event, the *legal basis* for his claim was known no later than April 12, 2007, when the First Circuit issued *Owens III*.[10]

Because the Petition was filed well beyond the one year statute of limitations, I find that it is time barred and should be dismissed.[11]

### Conclusion

For the foregoing reasons, it is hereby Recommended that:

Defendant Johnny Stephens' Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 618) be ***dismissed.***

### Notice to the Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 14 DAYS of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objection.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and

---

[10]  Indeed, in *Owens IV,* the District Court found that at the time of trial in 1997, Owens' counsel should have been aware that it was a violation of the accused's right to a public trial to close the courtroom during the jury selection process.

[11]  The First Circuit has yet to adopt any "actual innocence" exception to Section 2255's one year statute of limitations. *See Barreto-Barreto*, 551 F.3d at 102.  Stephens has not argued that any such exception applies in this case and given the fact that he pled guilty, it is doubtful that he could prevail should he attempt to do so.

Recommendation.  *See United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982);  *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).


/s/ Timothy S. HIllman
**TIMOTHY S. HILLMAN**
**UNITED STATES MAGISTRATE JUDGE**